# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GIDEON ONCHIRI GEKARA,** : | |
| Petitioner : | CIVIL ACTION NO. 3:17-1693 |
| v : | |
| | (JUDGE MANNION) |
| **Warden CRAIG A. LOWE,** : | |
| Respondent : | |

## **MEMORANDUM**

Petitioner, Gideon Onchiri Gekara, a detainee of the United States Immigration and Customs Enforcement ("ICE"), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. He challenges his continued detention by ICE. (Doc. 1, petition). A response (Doc. 6) and traverse (Doc. 7) having been filed, the petition is ripe for review. For the reasons set forth below, the petition will be denied without prejudice.

## **I. Background**

On August 4, 2006, Petitioner, a native and citizen of Kenya, entered the United States under an F1 visa, as a non-immigrant student. (Doc. 6-2 at 3, Notice to Appear). On February 23, 2007, his status as an F1 student was terminated because he failed to enroll in school. Id. On or about February 13, 2016, Petitioner was referred to the York County ICE office following his arrest

by the Pennsylvania State Police. (Doc. 6-2 at 5, Record of Deportable/Inadmissible Alien).

On March 10, 2016, Petitioner was taken into ICE custody and served with a Notice to Appear, charging him as removable pursuant to section 237(a)(1)(C)(i) of the Immigration and Nationality Act (INA), for failing "to maintain or comply with the conditions of the nonimmigrant status under which [he was] admitted." (Doc. 6-2 at 3, Notice to Appear).

On September 1, 2016, the Immigration Judge ordered that Petitioner's applications for withholding of removal under the INA and for protection under Article 3 of the Convention Against Torture be denied and that he be removed from the United States to Kenya. (Doc. 6-1 at 9, Decision and Order).

On September 20, 2016, Petitioner appealed the immigrations judge's decision to the Board of Immigration Appeals, which was dismissed on January 23, 2017. (Doc. 6-1 at 24, BIA Decision).

On July 10, 2017, Petitioner filed a petition for review and a motion to stay his removal with the Third Circuit Court of Appeals. (Doc. 6-1 at 31, Third Circuit Docket).

On September 19, 2017, Petitioner filed the instant petition for writ of habeas corpus, seeking an order of immediate release from custody. (Doc.

1, petition).

On October 2, 2017, the Third Circuit denied Petitioner's temporary stay of removal because "the requirements for granting a stay have not been satisfied." (Doc. 6-1 at 35, Order).

**II. Discussion**

Detention section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, for having been convicted of an aggravated felony; and (2) section 237(a)(2)(B)(i) of the Act, as amended, for a controlled substances conviction "other than a single offense involving possession for one's own use of 30 grams or less of marijuana., release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. §1231. Under §1231(a), the Attorney General has ninety (90) days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) provides the following:

The removal period begins to run on the latest of the following:

>(i) The date the order of removal becomes administratively final.

>(ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.

>(iii) If the alien is detained or confined (except under

an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. §1231. At the conclusion of the ninety-day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) & (6). In Zadvydas v. Davis, 533 U.S. 678, 689 (2001), the Supreme Court concluded that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Id. at 699. "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention."[1] Id. at 701.

---

[1] Following Zadvydas, regulations were promulgated to meet the criteria established by the Supreme Court. See 8 C.F.R. §241.4. Prior to the expiration of the mandatory ninety-day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. §241.4(k)(1)(I). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Custody Management Unit for further custody review. 8 C.F.R. §241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future. 8 C.F.R. §241.13(d)(1). Petitioner's custody was reviewed by the Headquarters Custody Management Unit on March 23, 2015.

4

Petitioner's removal period began on January 23, 2017, the date the BIA denied his appeal. See 8 U.S. C. §1231(a)(1)(B)(i). However, the ninety-day removal did not commence until October 2, 2017, when the Third Circuit lifted its temporary stay of removal upon deciding that Petitioner did not satisfy the requirements for a stay of removal pending a decision on his petition for review. See Payano v. Lowe, No. 3:CV-16-2019, 2016 WL 6995433 (M.D. Pa. Nov. 30, 2016) (Nealon, J.) (citing Wilson v. Green, Civil Action No. 16-1906, 2016 WL 451389 at *2-3 (D.N.J. Sept. 1, 2016) (alien's detention during temporary stay of removal was governed by §1226(c), but reverted to §1231 when Third Circuit lifted temporary stay and denied motion for stay of removal) (citing Leslie v. Attorney Gen. of the United States, 678 F.3d 265, 270 (3d Cir. 2012)); Araujo v. Lowe, No. 3:CV-16-1786, 2016 WL 6211713 (M.D. Pa. Oct. 24, 2016) (Nealon, J.). Thus, the ninety-day period of removal for Petitioner, commenced on October 2, 2017 and recently expired on December 31, 2017. Petitioner filed the above captioned action on September 19, 2017, prior to ninety-day period expiring. Accordingly, his post-removal-detention period is "presumptively reasonable" because he has not yet been held by ICE for longer than six months. See Zadvydas, 533 U.S. at 701; Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002) ("this

six-month period thus must have expired at the time [petitioner's] §2241 petition was filed in order to state a claim under Zadvydas."). A petition filed before the expiration date of the presumptively reasonable six months of detention is properly dismissed as premature. Id. As the petition is premature, there is no need for the court to examine whether Petitioner has established "that there is no significant likelihood of [his] removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701. Consequently, Petitioner's §2241 petition will be denied, without prejudice, to filing a new petition if Petitioner remains detained beyond the six (6) month period allowed by Zadvydas.

### III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be dismissed without prejudice. A separate Order will be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: February 12, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-1693-01.wpd